UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY TUSA,

    Plaintiff,                                           CASE NO.: 8:22-cv-002643

vs.

REFRESCO BEVERAGES US INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ROY TUSA, (hereinafter "Plaintiff" or "Mr. Tusa"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, REFRESCO BEVERAGES US INC., (hereinafter "Defendant" or "REFRESCO") and alleges:

**JURISDICTION AND VENUE**

1. This is a civil action by Plaintiff against his former employer for monetary damages, declaratory relief and for other equitable relief pursuant to the Florida Civil Rights Act ("FCRA") §760.01, *et al* and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, et seq ("ADA").

2. This Court has federal subject matter jurisdiction over these claims as Plaintiff states a claim for damages under the ADA. The Court may assert supplemental jurisdiction over the state law claim. All administrative prerequisites

1

have been exhausted or excused.

3. Venue is appropriate in this Court because all facts material giving rise to the cause of action occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff, Mr. Tusa, is a resident of the Hillsborough County, Florida, and is a protected employee under the ADA and FCRA as a person with a disability.

5. The Defendant, REFRESCO, is a foreign profit corporation that is principally located at 8112 Woodland Center Blvd., Tampa, FL 33614.

6. At all times hereinafter mentioned, Defendant performed and conducted business in Hillsborough County, Florida.

7. Defendant expected or should have reasonably expected its acts and business activities to have consequences in Hillsborough County, Florida.

8. Plaintiff has satisfied all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

9. Plaintiff suffers from Post-Traumatic Stress Disorder ("PTSD").

10. On October 4, 2021, REFRESCO hired Mr. Tusa as a Project Manager through staffing agency, Robert Half.

11. As a Project Manager, Mr. Tusa's job responsibilities included examining documentation, interviewing internal leaders, and creating process maps and flow charts documenting the company's established processes.

12. In this position, Mr. Tusa earned $60 an hour and worked thirty-five hours each week.

13. The Project Manager position did not require Mr. Tusa to have supply chain experience and knowledge of SAP, a software program used to order materials, process orders and shipments, log inventory and track billing.

14. On November 15, 2021, during a regular meeting with Mr. Tusa's supervisor, Joe Emling ("Mr. Emling"), Mr. Tusa asked if his limited supply chain knowledge was a concern for Mr. Emling. Mr. Emling stated that Mr. Tusa's limited supply chain knowledge was not an issue, and that Mr. Tusa's process management and mapping skills were what qualified him for the Project Manager position.

15. At all times material, Refresco operated on a rotating schedule to allow half of the employees to work from home each week to maintain social distancing. Employees had to seek prior HR approval and a seat assignment before coming into work on an "off" week.

16. About two weeks after starting his employment with Refresco, Mr. Tusa used the desk assigned to him by Human Resources.

17. While Mr. Tusa was quietly working at his assigned desk, Sheryl Mason, (hereinafter "Ms. Mason"), approached Mr. Tusa and suggested that he was in her seat, forcing Mr. Tusa to move desks.

18. Mr. Tusa reported the incident to Mr. Emling who appeared visibly

angry and stated that he would speak with both Ms. Mason and HR to ensure this did not happen again.

19. On November 17, 2021, while Mr. Tusa was working at a desk assigned to him by HR, Ms. Mason approached Mr. Tusa again after arriving to the office on her "off" week.

20. In a threatening tone, Ms. Mason said "Oh, you're Roy. I'll take care of you."

21. Mr. Tusa again reported the incident to Mr. Emling, who was traveling at the time. Mr. Emling instructed Mr. Tusa to use his office while he was away and stated that he would deal with the issue when he returned.

22. Shortly after this exchange, Ms. Mason approached Mr. Tusa a second time.

23. During this interaction, Mr. Tusa experienced Ms. Mason reach out to grab him.

24. Twice, he asked her not to touch him while he backed away.

25. Despite Mr. Tusa explicitly asking Ms. Mason not to touch him, she continued to approach Mr. Tusa.

26. In this interaction, Mr. Tusa believed that Ms. Mason had put her hand on him and grabbed his shirt sleeve to intimidate him.

27. Again, Mr. Tusa contacted Mr. Emling who told him to work from

home for the remainder of the week until Mr. Emling returned from a trip, at which time Mr. Tusa and Mr. Emling would discuss the situation.

28. Mr. Tusa reported both incidents to the Refresco Human Resources Business Manager, Andy Stafford.

29. When Mr. Tusa reported the event to Mr. Stafford, he stated that Ms. Mason had already spoken with him at which time she alleged that during the second interaction she attempted to apologize to Mr. Tusa for the initial interaction. She admitted to having touched his shoulder despite his warning not to touch her.

30. At this time, Mr. Tusa disclosed to Mr. Stafford that he suffered from Post-Traumatic Stress Disorder or PTSD. Mr. Tusa explained to Mr. Stafford that if Mason had merely touched his shoulder and not grabbed his shirt, his condition could have caused him to believe that the (unwelcome) contact was more serious than it was. Mr. Tusa suggested that they review the security footage to understand whether his mental impression of what had happened was accurate or had been affected by his condition.

31. On or about November 19, 2021, Refresco unlawfully ended Mr. Tusa's employment because he suffers from PTSD.

32. The close proximity of Plaintiff's statement to HR that he had PTSD (on November 17, 2021) and his termination (on November 19, 2021) demonstrate a causal connection between his disability and his termination.

33. Plaintiff received a Notice of Right to Sue and this lawsuit is being filed within 90 days of the issuance of the notice.

34. Plaintiff has suffered damages because of Defendant's discrimination based on disability.

35. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## COUNT I

## FLORIDA CIVIL RIGHTS ACT DISCRIMINATION

36. Mr. Tusa re-alleges and incorporates by reference the allegations set forth above as if set forth fully herein.

37. Mr. Tusa brings an action under the Florida Civil Rights Act of 1992, § 760.01, *et al.,* for Refresco's treatment of him which resulted in his termination.

38. Plaintiff was qualified to perform his work as a Project Manager for Refresco.

39. Mr. Tusa suffers from PTSD. Mr. Tusa's condition causes him to have heightened reactions and experience situations differently than they occur.

40. On November 17, 2021, Mr. Tusa experienced symptoms of PTSD when Ms. Mason touched Mr. Tusa despite his objections.

41. Plaintiff disclosed to his employer Mr. Stafford that he suffered from PTSD and explained that his reaction to his experience with Ms. Mason may have been a PTSD reaction.

42. Two days after disclosing his disability to Mr. Stafford, Plaintiff was terminated by Defendant.

43. As a direct, proximate and foreseeable result of the Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past and are permanent and continuing.

**WHEREFORE**, Plaintiff, ROY TUSA, demands entry of a Final Judgment against Defendant, REFRESCOS, for the following:

A. An award for Back Pay damages;

B. An award for Front Pay damages;

C. Compensatory Damages for the termination including mental anguish, loss of enjoyment of life, and humiliation;

D. Punitive Damages;

E. Prejudgment interest;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

## COUNT II

## AMERICANS WITH DISABILITIES ACT DISCRIMINATION

44. Mr. Tusa re-alleges and incorporates by reference the allegations set forth above in paragraphs 1 through 35 as if fully stated herein.

45. Plaintiff was qualified to perform his work as a Project Manager for Refresco.

46. Plaintiff suffers from PTSD. Plaintiff's condition causes him to have heightened reactions and experience situations differently than they occur.

47. On November 17, 2021, Mr. Tusa experienced symptoms of PTSD when Ms. Mason touched Mr. Tusa despite his objections.

48. On November 17, 2021, Plaintiff disclosed to his employer Mr. Stafford that he suffered from PTSD and explained that his reaction to his experience with Ms. Mason may have been a PTSD reaction.

49. Two days after disclosing his disability to Mr. Stafford, Plaintiff was terminated by Defendant.

50. Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his known disability or because Defendant regarded him as having a disability in violation of the Americans with Disabilities Act.

51. As a direct, proximate and foreseeable result of the Defendant's unlawful discrimination, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past and are permanent and continuing.

**WHEREFORE**, Plaintiff, ROY TUSA, demands entry of a Final Judgment against Defendant, REFRESCOS, for the following:

A. An award for Back Pay damages;

B. An award for Front Pay damages;

C. Compensatory Damages for the termination including mental anguish, loss of enjoyment of life, and humiliation;

D. Punitive damages;

E. Interest;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Dated this 17th day of November 2022.

/s/ Gary L. Printy Jr., Esq
**Gary L. Printy, Jr**
Florida Bar No. 41956
**PRINTY & PRINTY, P.A.**
3411 W. Fletcher Ave., Suite A
Tampa, Florida 33618
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
*Attorney for Plaintiff*